ANTHONY UNKOVICH et al., complainants-appellants,

*v.*

NEW YORK CENTRAL RAILROAD COMPANY and LIGHTER CAP-
TAINS' UNION OF THE PORT OF NEW YORK AND VICIN-
ITY, LOCAL 996, INTERNATIONAL LONG-SHOREMEN'S
ASSOCIATION, defendants-respondents.

[Submitted May 17th, 1934.   Decided October 5th, 1934.]

*Mr. Meyer Pesin,* for the appellants.

*Mr. Edward J. O'Mara,* for the defendant New York Central Railroad Company.

*Mr. Joseph Moritz,* for the defendant Lighter Captains' Union.

PER CURIAM.

The vice-chancellor dismissed the bill, which was directed to the enforcement of alleged seniority rights of complainants in the service of the marine department of the defendant New York Central Railroad Company. That department contained a division called the "tugs and floats" or towing division, and another called the lighterage division. The eleven complainants began their service, and continued for some years, in the towing division, and their respective claims to seniority were recognized therein. The importance of such recognition lies largely in the fact that in case of reduction in the working force the junior employes are the first to be laid off.

A similar system of seniority obtained in the lighterage division. It seems to be claimed in the bill that there was a general seniority rule embracing both divisions together, until the labor union to which the employes belonged, decided, irregularly as claimed, that the seniority rule should be restricted to each division by itself, so that anyone transferring from towing to lighterage, or *vice versa,* entered his new division at the foot of the ladder, and complainants having so transferred into the lighterage division, found themselves in 1933 laid off as juniors therein after years of service

in the towing division. The bill prayed an annulment of the alleged irregular action of the union, and reinstatement of complainants according to the seniority to which they alleged themselves entitled.

The vice-chancellor held that their rights, if any, must arise out of custom; or the "Stone Award" of 1919; or agreement. He further said that no binding custom had been proven; that the "Stone Award" had expired by limitation after a year, and that the only agreement before him was made in 1931, some six years after the latest transfer, and looking specifically to the future, so that the complainants were not in a position to invoke its provisions.

We concur in these findings, and affirm the dismissal of the bill.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—PERSKIE, J. 1.